DENNIS v. DENNIS.

1. DEEDS—DELIVERY—RECITALS—EVIDENCE.
   A recital in a deed that it was signed, sealed, and delivered in the presence of the witnesses is some evidence of delivery·

2. SAME—BILL TO SET ASIDE—APPEAL—NEW ISSUES.
   Where the complainant in a bill to set aside a deed presents his case upon the theory that the deed attacked was never delivered, and raises no question as to the statute's having run against the deed, the latter claim is not open for consideration on appeal.

3. SAME—RECORDING—PRIORITY.
   The heirs of a deceased grantee in a recorded deed have no priority over the grantee in an unrecorded deed, of whose superior rights the decedent had full knowledge when he obtained his deed.

Appeal from Kent; Adsit, J. Submitted January 4, 1899. Decided February 21, 1899.

Bill by Mary A. Dennis, Arba Dennis, and Amelia Howell against Etta Dennis and Asa Dennis to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*McKnight & McKnight*, for complainants.

*Wolcott & Ward*, for defendants.

MOORE, J. The complainants have appealed from a decree dismissing their bill of complaint. Mary A. Dennis was the second wife, and is the widow, of Mahlon Dennis, deceased. The other complainants, and defendant Asa Dennis, are children of Mahlon Dennis and Mary A. Dennis. Asa Dennis declined to be a complainant, and for that reason was made a ·defendant. The other defendant, Etta Dennis, is the only child and heir at law of Mary S. Dennis, who was the first wife of Mahlon Dennis.

It is alleged in the bill of complaint that in 1864 Mahlon Dennis was afraid he would be drafted and obliged to leave his invalid wife, Mary S. Dennis, and, to make provision for her, he deeded 40 acres of land to Stephen Camp, her brother, with the understanding that, if Mr. Dennis should be obliged to go to war, Mr. Camp should convey this land to Mrs. Dennis; that a deed was made by Mr. Camp to Mrs. Dennis, but was never delivered to her, but was delivered by Mr. Camp to Mr. Dennis, who kept it among his papers until after his death. His wife, Mary S. Dennis, died in March, 1866. It is further averred that in April, 1866, Mr. Camp reconveyed the property to Mr. Dennis, who soon afterwards married the complainant Mary A. Dennis. Mr. Dennis died in June, 1894. It is stated in the bill that about November 1, 1896, Etta Dennis stole the deed which had been executed to Mary S. Dennis, and put it upon record, and claimed to be the owner of the land described therein, which act, it is alleged, worked a fraud upon complainants, and put a cloud upon their title. The bill prayed the deed might be set aside and declared void. It also contained a prayer for general relief. It was the claim of the defendant that Mary S. Dennis received from the estate of her father the sum of $505, partly in money and partly in personal property, which was used by her husband, and the deed from Mr. Dennis to Mr. Camp, and from the latter to Mrs. Dennis, was given to reimburse her for this property, and was delivered to her, and was found among her papers by her daughter in 1894; that the deeds were made in this way because Mr. Dennis did not suppose he could deed directly to his wife. It is also claimed that, after Mary S. Dennis died, Mr. Camp and Mr. Dennis supposed the deed made by Mr. Camp to Mrs. Dennis was not good, because not recorded, and for that reason a new deed was made to Mr. Dennis.

The controversy hinges upon the question whether the deed from Mr. Camp to Mrs. Dennis was ever delivered. All of the parties to the conveyances, including the notary

who took the acknowledgment, are dead. The record, especially on the part of the complainants, is made up largely of testimony which was incompetent because it was hearsay, and statements, made in the interest of the party making them, after the fact. The original deed from Mr. Camp to Mrs. Dennis is before us. The body of the deed and the acknowledgment are all in the handwriting of the notary who took the acknowledgment. The same ink was used in all this writing. A 50-cent revenue stamp, then required by law, was attached to the deed. This was canceled by using apparently the same ink used in the body of the deed. The stamp was canceled and the acknowledgment was taken August 23, 1865. This was after the war was over, and all danger from a draft was passed, indicating quite conclusively that the deed was not made to be delivered in case Mr. Dennis was drafted, and it is in harmony with the theory that the deed was given for the consideration named therein, to wit, $500. It is recited in the deed that it was signed, sealed, and delivered in the presence of Mr. Eaton and Mr. Kingsbury. This is some evidence of the delivery of the deed. The evidence also is quite as clear that it was found among the papers of Mrs. Dennis as that it was found among the papers of Mr. Dennis. One of the witnesses testified he had a talk with Mrs. Dennis, who complained about the management by her husband of the estate which she had received from her father; and he subsequently had a talk with Mr. Dennis, who assured him he had arranged matters with his wife by deeding 40 acres of his land to her. Not only have the complainants failed to show by competent evidence that this deed was not delivered, but the evidence preponderates the other way.

It is claimed upon the part of the complainants that the statute of limitations has run against the defendant. This claim is made for the first time in this court. There is nothing said in the bill of complaint about the complainants having obtained the title by adverse possession, nor

is there any prayer asking for a decree upon the ground that complainants have held adversely, nor is there anything in the record indicating the case was tried upon that theory. We are not inclined to consider that claim now, especially as Etta Dennis claims to be in possession of the premises by her tenant.

It is also claimed, as the deed from Mr. Camp to Mahlon Dennis was put upon record prior to the recording of the deed of Mr. Camp to Mrs. Dennis, the complainants hold title by priority in recording the deed. The trouble with this contention is that Mr. Dennis had actual notice of the deed from Mr. Camp to Mrs. Dennis when he obtained and recorded his deed.

Decree is affirmed, with costs.

GRANT, C. J., MONTGOMERY and LONG, JJ., concurred. HOOKER, J., did not sit.